Document Number | Case Number
|                 | 04-CR-0188-S
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
10/02/2007 09:54:50 AM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

_____

MICKEY RANDLE,

                Petitioner,

                                        ORDER

    v.                              07-C-378-S

                                        04-CR-188-S

UNITED STATES OF AMERICA,

                Respondent.

_____

      Petitioner Mickey Randle moves to vacate his sentence pursuant to 28 U.S.C. § 2255.  This motion has been fully briefed and is ready for decision.

      Petitioner asks the Court to hold an evidentiary hearing. This motion will be denied as a hearing is not necessary under 28 U.S.C. § 2255.  See United States v. Kovic, 840 F.2d 680, 682 (7th Cir. 1987).

FACTS

      An active investigation of petitioner Mickey Randle's sale of crack cocaine began in late September 1999.  Petitioner had been incarcerated in Dane County Jail for 15 days in May 1999 and from June 7 to August 19, 1999.

      On December 20, 1999 petitioner was arrested and agreed to cooperate with law enforcement officers.  He admitted that he had been purchasing crack cocaine from Antoine Branch and selling it to

a variety of people.  A search warrant was executed at petitioner's residence and 5.6 grams of cocaine was recovered.

Petitioner agreed to assist officers in the ongoing federal investigation of Antoine Branch.  He was released from custody for this purpose but fled from law enforcement officers.  While petitioner was a fugitive Antoine Branch was prosecuted in federal court.  In March 2002 Branch was convicted of possessing crack cocaine with the intent to distribute after pleading guilty.  In his statements to law enforcement Branch estimated that petitioner obtained at least 2.5 kilograms of crack cocaine from him for distribution.

On July 14, 2005 an indictment dated November 17, 2004 was unsealed charging petitioner with one count of possessing five grams or more of cocaine with intent to distribute.  The indictment also contained sentencing allegations that petitioner's offense conduct involved 1.5 kilograms or more of cocaine base and that he had committed the offense while on parole.  Paul F. X. Schwartz was appointed to represent petitioner.

On October 7, 2005 petitioner pled guilty to the charge in the indictment pursuant to a written plea agreement.  At the plea hearing the Court went through the plea agreement sentence by sentence ensuring petitioner's understanding and agreement with each paragraph.  Petitioner acknowledged that the charge to which he was pleading guilty carried a mandatory minimum penalty of five

2

years in prison and a maximum penalty of forty years in prison, a $2,000,000.00 fine, at least a four-year period of supervised release and a $100.00 assessment.

The Court also asked petitioner a number of questions to determine that the plea was, in fact, voluntary. Petitioner acknowledged that sentencing discussions were not part of the plea agreement; that he was not relying upon the possibility of a specific sentence being imposed based upon sentencing discussions between his attorney and the United States; that no guarantees had been made by the United States and that the district court remained free to impose any sentence up to and including the maximum sentence. At the plea hearing petitioner also testified that he was fully satisfied with his counsel's representation and advice given to him in the case.

A presentence report was prepared by the United States Probation Office. The report concluded that petitioner's relevant conduct included at least 1.5 kilograms of cocaine base. The advisory guideline range was found to be 360 to 480 months.

On December 15, 2005 petitioner was sentenced to 400 months in prison. He filed a timely direct appeal on December 19, 2005. On appeal Petitioner's appellate counsel filed a no-merit <u>Anders</u> brief to which petitioner responded. The United States Court of Appeals for the Seventh Circuit found that petitioner's argument that it was clear error for the district court to apply the two-level

3

enhancement for willful obstruction of justice was frivolous.  The Court noted that petitioner's actions were a calculated evasion warranting the sentencing enhancement.   The Court of Appeals dismissed petitioner's appeal.

On July 13, 2007, petitioner filed this motion under 28 U.S.C. § 2255.

MEMORANDUM

Petitioner claims that his counsel was ineffective because he did not challenge the drug quantity determination and for failing to argue that the enhancement for wilful obstruction of justice was erroneous as a matter of law.   Petitioner also argues that his guilty plea was involuntary due to deficient performance of his attorney.

Three types of issues cannot be raised in a 28 U.S.C. § 2255 motion: issues that were raised on direct appeal, absent a showing of changed circumstances; non-constitutional issues that could have been raised but were not raised on direct appeal and constitutional issues that were not raised on direct appeal, unless petitioner demonstrates cause for procedural default as well as actual prejudice from the failure to appeal.  Prewitt v. United States, 83 F.3d 813, 816 (7th Cir. 1996).  Issues raised and decided on direct appeal may not be raised again in a 28 U.S.C. § 2255 motion pursuant to the "law of the case".  See Daniels v. United States, 26 F.3d 706, 711-12 (7th Cir. 1994).

4

To demonstrate ineffective assistance of counsel, petitioner must show that his counsel's representation fell below an objective standard of reasonableness and the deficient performance so prejudiced his defense that it deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 688-94 (1984).  In the context of a guilty plea petitioner must show that but for the deficient advice of counsel he would not have pled guilty.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Where a petitioner is challenging his sentence he must show that but for counsel's action or inaction he would have received a shorter sentence.  Glover v. United States, 531 U.S. 198 (2001).

Petitioner claims that his counsel was ineffective for failing to challenge the drug quantity calculations. Petitioner contends that he urged his attorney to challenge the reliability and use of the statements of Antoine Branch on the grounds that Branch wanted to recant his statements and that petitioner was in jail during most of the time Branch said he sold petitioner drugs.  There is no evidence in the record that Branch wanted to recant his statements. In addition jail records indicate petitioner was only in jail for 15 days in May 1999 and from June 7, 1999 until August 19, 1999. This information does not undercut petitioner's confession or Branch's statements.  There is overwhelming evidence in the record establishing that petitioner's relevant conduct drug amount was 1.5 kilograms.

5

The record establishes that the decision by petitioner's attorney not to challenge the drug calculations was a reasonable and strategic move. A challenge to the drug amount would have been frivolous. Petitioner's counsel's performance was not deficient. Further he has not shown that had his counsel challenged the drug amount he would have received a shorter sentence. See Berkey v. United States, 318 F.3d 768, 774 (7th Cir. 2003). Petitioner did not receive ineffective assistance of counsel concerning the determination of the drug calculations.

Petitioner contends that his counsel was ineffective when he failed to object to the obstruction of justice enhancement. Petitioner's obstruction of justice enhancement was not erroneous as a matter of law. Petitioner's flight from law enforcement officers in late December 1999 was directly connected to the investigation of his sale of crack cocaine and his arrest for the conduct in December 1999. He was released from custody to assist in the investigation and instead fled the jurisdiction.

The obstruction enhancement was proper according to USSG §3C1.1. The United States Court of Appeals noted on appeal that petitioner's actions were a calculated evasion warranting the sentencing enhancement. It was not deficient performance for petitioner's counsel not to challenge the obstruction of justice enhancement. Further, petitioner has not shown that he would have received a shorter sentence had his counsel made the challenge.

Petitioner's counsel was not ineffective for failing to challenge the obstruction of justice enhancement.

Petitioner contends that his plea was not voluntary because of his counsel's performance. Specifically, petitioner contends that he pled guilty because his counsel assured him he would win on appeal and that he did not know he would be sentenced to 400 months in prison. At the plea hearing petitioner stated under oath that he was pleading guilty knowingly and voluntarily, that no one had made any other promises to him and that no one had forced him to plead guilty. He also acknowledged that he knew he could be sentenced up to 40 years in prison. He cannot now argue that his plea was not voluntary. Further he cannot show that absence his counsel's performance he would have proceeded to trial.

Petitioner has not shown that counsel's performance was deficient nor that he would have proceeded to trial or received a shorter sentence absent his counsel's performance. Plaintiff did not receive ineffective assistance of counsel. Accordingly, his 28 U.S.C. § 2255 motion must be denied.

Petitioner is advised that in any future proceeding in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his motion under 28 U.S.C. § 2255 must be denied. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

7

<u>Randle v. U.S.,</u> 07-C-378-S

ORDER

IT IS ORDERED that petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 is DENIED.

Entered this 1st day of October, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge